1 | Michael J. Gomez (State Bar No. 251571)
    mgomez@frandzel.com
2 | Reina Jean Clark (State Bar No. 300011)
    rclark@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
4 | Los Angeles, California 90017-2427
Telephone: (323) 852-1000
5 | Facsimile: (323) 651-2577

6 | Attorneys for TECH AG FINANCIAL GROUP,
INC., a California corporation

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 | **FRESNO DIVISION**

11 |

| | |
|---|---|
| In re | Case No. 25-10074-A-12 |
| CAPITAL FARMS, INC., | State Court Case No. CVCS24-0002314 |
|     Debtor and Debtor-in-Possession. | Chapter 12 |
| | **NOTICE OF REMOVAL [28 U.S.C. SECTION 1452(a) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9027]** |
| CAPITAL FARMS, INC., a California corporation; GURMEJ SINGH GILL, an individual, | |
|     Cross-Complainant, | **[No Hearing Required)]** |
|     v. | |
| TECH AG FINANCIAL GROUP, INC, a California corporation; BUTTONWILLOW WAREHOUSE COMPANY, a California corporation; and ROES 1-50, inclusive, | |
|     Cross-Defendant. | |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027, Creditor Tech Ag Financial Group, Inc., a California corporation ("Removing Party") hereby removes the Cross-Complaint <u>only</u> filed on December 2, 2024 ("Cross-Complaint"), in that certain State Court action entitled *Tech Ag Financial Group, Inc. etc., v. Capital Farms, Inc., etc., et al.*, in the Superior Court of the State of California in and for the County of Sutter as Case No. CVCS24-0002314 ("State Court Action") as set forth below.[1]

In support of this removal, Removing Party alleges as follows:

1.      Removing Party is a Plaintiff and Cross-Defendant in that certain State Court Action commenced on September 25, 2024, which includes the Cross-Complaint where Debtor and Cross-Complainant, Capital Farms, Inc. ("Debtor") is a Cross-Complainant together with Co-Cross-Complainant and defendant Gurmej Singh Gill ("Gill").

2.      The nature of the disputes in the Cross-Complaint concern, in summary, the debt owing by Debtor to Removing Party and includes claims against Removing Party for unfair business practices, misrepresentation, fraud, accounting, and an injunction against satisfying the loan with receipt of crop proceeds.

3.      The Cross-Complaint, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The Cross-Complaint is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

4.      Upon removal, the Cross-Complaint consists of core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (I), and (O) and non-core proceedings which are otherwise related to the bankruptcy case within the meaning of 28 U.S.C. § 157(c)(1).

5.      Removing Party consents to entry of final orders by the judge in the Bankruptcy Court.

6.      The District Court has original jurisdiction over the Cross-Complaint as a matter related to the bankruptcy case, pursuant to 28 U.S.C. § 1334, and removal, therefore, is available

---

[1] Plaintiff is not removing the Complaint.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

under 28 U.S.C. § 1452(a).

7.     The Bankruptcy Court has jurisdiction over this matter through the automatic reference of matters arising in or related to bankruptcy cases pursuant to 28 U.S.C. § 157(a)(1) and the standing reference order of this district.

8.     Debtor filed its voluntary chapter 12 petition on January 10, 2025, and, therefore, this Notice of Removal is timely filed pursuant to Fed. R. Bankr. P. 9027(a)(2).

9.     In accordance with Fed. R. Bankr. P. 9027(a)(1), this Notice of Removal is accompanied by a copy of all process and pleadings, as defined in Fed. R. Civ. P. 7, filed with the Cross-Complaint. (See Attachment 1 hereto, is a list of all process and pleadings; see also, Exhibits 1 through 17, filed concurrently herewith). If additional documents are required, Removing Party will submit such documents.

10.     Removing Party promptly will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Sutter. In addition, Removing Party has served a copy of this Notice of Removal upon counsel for Debtor and counsel for Gill, as indicated on the Official Form Certificate of Service filed separately.

DATED: March 11, 2025          FRANDZEL ROBINS BLOOM & CSATO, L.C.
                               MICHAEL J. GOMEZ
                               REINA JEAN CLARK


                               By:     _/s/ Michael J. Gomez_
                                       MICHAEL J. GOMEZ
                                       Attorneys for Plaintiff and Cross-Defendant
                                       TECH AG FINANCIAL GROUP, INC., a
                                       California corporation

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Exhibits**

1)      Online Case Summary for *Tech Ag Financial Group, Inc. etc., v. Capital Farms, Inc., etc., et al,* CVCS24-0002314, as of March 11, 2025

2)      Verified Complaint filed September 25, 2024

3)      Civil Case Cover Sheet filed September 25, 2024

4)      Summons filed September 25, 2024

5)      Notice of Status Conference filed October 7, 2024

6)      Proof of Service of Summons to Gurmej Singh Gill

7)      Proof of Service of Summons to Capital Farms Inc.

8)      Verified Answer filed December 2, 2024

9)      Cross-Complaint filed December 2, 2024

10)      Summons filed on December 2, 2024

11)      Stipulation and Proposed Order filed December 17, 2024

12)      Notice of Entry of Order filed December 19, 2024

13)      Declaration of Michael Gomez Re: Automatic 30-Day Extension for Cross-Defendant Tech Ag Financial Group, Inc. to Respond to the Cross-Complaint of Cross-Complainants Capital Farms, Inc. and Gurmej Singh Gill filed on January 14, 2025

14)      Amended Answer filed January 24, 2025

15)      Notice filed on January 24, 2025

16)      Stipulation and Order filed on February 14, 2025

17)      Notice of Entry of Judgment filed on February 19, 2025

NOTICE OF REMOVAL
[28 U.S.C. SECTION 1452(a) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9027]

# EXHIBIT 1

Case Details

# Case Information

CVCS24-0002314 | Tech AG Financial Group Inc. vs. Capital Farms Inc., et al.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CVCS24-0002314 | Civil | Davis, Laura J. |
| File Date | Case Type | Case Status |
| 09/25/2024 | (09) Unlimited Other Collections | Opened |

# Party

Plaintiff
Tech AG Financial Group Inc.

Active Attorneys ▾
Lead Attorney
Gomez, Michael J.
Retained

Defendant
Capital Farms Inc.

Active Attorneys ▾
Lead Attorney
Cowin, William L
Retained

Cross Complainant
Capital Farms Inc.

Active Attorneys ▾
Lead Attorney
Cowin, William L
Retained

Defendant
Gill, Gurmej Singh

Active Attorneys ▾
Lead Attorney
Cowin, William L

Retained

Cross Defendant
Tech AG Financial Group inc.

Cross Defendant
Buttonwillow Warehouse Co.

Cross Complainant
Gill, Gurmej Singh

Active Attorneys ▾
Lead Attorney
Cowin, William L
Retained

## Events and Hearings

| 09/25/2024 Complaint |
|---|
| 09/25/2024 Civil Case Cover Sheet |
| 09/25/2024 Summons |
| 10/07/2024 Notice of Status Conference |
| 10/28/2024 Proof of Service of Summons |
| 10/28/2024 Proof of Service of Summons |
| 12/02/2024 Answer / Response / Denial: No Fee |
| 12/02/2024 Cross Complaint: No Fee |
| 12/02/2024 Summons |

| |
|---|
| 12/17/2024 Stipulation & Order |
| 12/19/2024 Notice of Entry of Judgment (or Order) |
| 01/14/2025 Declaration |
| 01/24/2025 Amended Answer / Response: No Fee |
| 01/24/2025 Notice |
| 02/14/2025 Stipulation & Order |
| 02/19/2025 Notice of Entry of Judgment (or Order) |
| 10/05/2026 Status Conference ▾<br><br>Judicial Officer<br>Davis, Laura J.<br><br>Hearing Time<br>9:00 AM |

# EXHIBIT 2

This electronic document is the official court record (GC68150)

1   Michael J. Gomez (State Bar No. 251571)
     mgomez@frandzel.com
2   FRANDZEL ROBINS BLOOM & CSATO, L.C.
     1000 Wilshire Boulevard, Nineteenth Floor
3   Los Angeles, California 90017-2427
     Telephone: (323) 852-1000
4   Facsimile: (323) 651-2577

5   Attorneys for Plaintiff,
     TECH AG FINANCIAL GROUP, INC.

Electronically Filed
September 25, 2024
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By: Brenda Johnson, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SUTTER**

| | |
|---|---|
| TECH AG FINANCIAL GROUP, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL FARMS, INC., a California corporation; GURMEJ SINGH GILL, an individual; and DOES 1-50 inclusive, <br><br> Defendant. | Case No.   CVCS24-0002314 <br><br> **VERIFIED COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT** <br> **(2) CLAIM AND DELIVERY** <br> **(3) CONVERSION** |

Plaintiff, Tech Ag Financial Group, Inc., ("Tech Ag" or "Lender"), alleges against defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1. At all relevant times herein, Tech Ag Financial Group, Inc., was and is a corporation organized, existing and in good standing, under the laws of the State of California, doing business in Kern County. At all times relevant herein, Tech Ag has held a California Finance Lender's License, no. 6032594, which at all times relevant has been and remains in good standing.

2. Tech Ag is informed and believes and therein alleges that, at all relevant times herein, defendant Capital Farms, Inc. ("Capital Farms") was and holds itself out to be a California

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

This electronic document is the official court record (GC68150)

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    corporation, doing business in the County of Sutter.

2        3.    Plaintiff is informed and believes, and thereon alleges, that Gurmej Singh Gill

3    ("Gill") is an individual residing in Yuba City, California in the County of Sutter.

4        4.    The true names and capacities of defendants sued herein by fictitious names,

5    whether individual, corporate, associate, partnership, limited liability company or otherwise, are

6    unknown to Tech Ag which therefor sues such defendants by such fictitious names. Does 1-50

7    have acted or are acting in concert with one or more of the defendants to convert Tech Ag's

8    collateral and/or are in possession of same.  When the true names, capacities and facts relating to

9    such defendants' conduct relating to this matter are ascertained, Tech Ag will seek to amend this

10   complaint accordingly.

11       5.    Venue is proper in this Court because Capital Farms and Gill operate out of and/or

12   reside in Sutter County.

13               **The October 20, 2022 Master Note and Security Agreement**

14       6.    Effective October 20, 2022, Capital Farms and Gill, as "Borrower" and/or

15   "Applicant" executed and delivered to Tech Ag the Application / Master Note / Security

16   Agreement ("Note and Agreement"), a true and correct copy of which is attached hereto as

17   **Exhibit 1** and incorporated herein by this reference.

18       7.    As part of the transaction for which the Note and Agreement was executed, on

19   October 20, 2022, Tech Ag issued a Loan Commitment Letter for Loan No. 141779040 ("Loan")

20   in the principal amount of $350,000.00, ("Loan Commitment" and together with Note and

21   Agreement "Loan Documents") a true and correct copy of which is attached hereto as **Exhibit 2**

22   and incorporated herein by this referenced.  As more fully provided therein, the Loan Commitment

23   provided that the Loan's principal sum due and owing under the Loan Commitment, together with

24   the interest accrued thereon, shall be due and payable before the maturity date of February 1,

25   2024, ("Maturity Date") and is payable in accordance with and subject to the terms of the Note

26   and Agreement, and secured by the Collateral described in and the security interests granted by the

27   Note and Agreement.

28       8.    As set forth more fully therein, Note and Agreement provides, in part, as

5330091v1 | 101528-0005

VERIFIED COMPLAINT

This electronic document is the official court record (GC68150)

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   supplemented by the Loan Commitment, that the principal sum due and owing hereunder, together

2   with the interest accrued thereon, shall be due and payable on or before the Maturity Date as set

3   forth in the Loan Commitment, and the Loan Commitment set the Maturity Date as February 1,

4   2024.

5          9.      As set forth more fully therein, the Note and Agreement provides, in part, as

6   supplemented by the Loan Commitment:

7          A.      Under section G.1, **Payment Obligations**, the Capital Farms and Gill

8   promised to pay to Lender the principal sum equal to the loan request in the amount of $350,000,

9   plus interest at the Wall Street Journal Prime rate, plus 4% with the initial rate being 10.25%,

10  which interest rate would be adjusted monthly on the first of the month by adding 4% to the

11  reported the Wall Street Journal Prime rate.  Interest may be based upon a 360- or 365-day year as

12  the Lender may determine (the "Interest Rate").

13         B.      Further, under section G.1, if Capital Farms and Gill default under the

14  Loan, six percentage points (6.00%) will be added to the Interest Rate ("Default Rate"), and the

15  amount of such interest in excess of the interest otherwise accruing in the absence of default shall

16  be immediately due and payable. At maturity or upon acceleration of maturity by reason of

17  default, the entire Loan obligation including all principal, interest and advancements

18  ("Obligations") shall bear interest until paid at the Default Rate in effect at the time of maturity or

19  acceleration of maturity, as the case may be.

20         **Collateral Securing the Obligations of the Loan Documents**

21         10.     To secure repayment of the Obligations of the Note and Agreement (as defined in

22  section G.1 of the Note and Agreement), Capital Farms and Gill granted Tech Ag a security

23  interest in now owned or hereafter acquired: all farm products and proceeds thereof, all additions

24  or accessions thereto, and all substitutions and replacements thereof; all crops growing, grown, or

25  to be grown; all harvested crops; all livestock; all warehouse receipts or other documents

26  (negotiable or non-negotiable) issued for storage of such crops; all seed, fertilizer, chemicals and

27  petroleum, and any other crop input products; all contract rights, chattel paper, documents,

28  instruments, accounts, accounts receivable, general intangibles, and cash and non-cash proceeds

This electronic document is the official court record (GC68140)

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

from the sale, exchange, collection, or disposition of any of the collateral; all entitlements and payments, whether in cash or in kind, arising under any governmental, whether federal or state, agricultural subsidy, deficiency, diversion, conservation, disaster, or any similar or other programs; all farm and business machinery, equipment and tools ("Collateral").

11.      Tech Ag has performed all of the terms, conditions and obligations on its part required to be performed under the Loan Documents and all documents associated therewith, except such obligations, terms and conditions that have been excused or waived due to the actions or omissions of defendants, and each of them.

<u>**Default on Agreement/Demands for Payment**</u>

12.      Defendants breached the terms of the Agreement and Note, among other ways, by failing to make the payment due by the Maturity Date pursuant to the terms of the Loan Documents.

13.      By reason of the foregoing, on or about August 28, 2024, Tech Ag sent a written Notice of Default and Demand, a true and correct copy of which is attached hereto as **Exhibit 3** an incorporated herein by this reference (the "Demand"). Among other things, the Demand demanded that payment be received by Tech Ag on or before September 6, 2024, of all amounts stated therein.

14.      In addition, the Demand further notified that payment in full must be made by September 6, 2024, or Tech Ag would begin to take legal action, including incurring the costs and fees required for collection.

15.      Capital Farms and Gill failed to comply with the Demand within the time limits set forth therein and there is now due, owing, and payable, the amounts stated in Final Demand, plus interest accruing therein from and after September 6, 2024, and expenses thereafter incurred.

16.      Pursuant to the terms of the Loan Documents, alleged above, Tech Ag is entitled to its attorneys' fees and court costs if it employed counsel to enforce the terms and conditions of such instruments. Tech Ag has employed counsel to enforce such instruments and has incurred and continues to incur attorneys' fees and costs in connection with enforcing its rights thereunder.

This electronic document is the official court record (GC681-60)

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## FIRST CAUSE OF ACTION

### (Breach of Contract - Against Capital Farms Inc., and Gurmej Singh Gill)

17.　Tech Ag incorporates herein by this reference, paragraphs 1 through 16 as though fully set forth at length.

18.　By virtue of the foregoing, there is now due, owing, and payable to Tech Ag by Capital Farms and Gill under the Loan Documents (Exhibit Nos. 1, 2) all sums stated in the Demand, plus interest therein and further expenses incurred.

19.　Despite demand therefor, no part of such sums have been paid.

20.　Accordingly, Tech Ag is entitled to judgment against Capital Farms and Gill for the amount due and owing to Tech Ag under the Loan Documents, as of August 21, 2024, as follows:

　　A.　Principal of $350,032.00;

　　B.　Non-Default Interest of $48,561.33;

　　C.　Default Interest of $14,113.74;

　　D.　Legal fees and costs in an amount according to proof, but not less than $10,000.

## SECOND CAUSE OF ACTION

### (Recovery of Personal Property (Claim and Delivery) Against Defendants Capital Farms, Gill, and Does 1-25, inclusive)

21.　Tech Ag incorporates herein by this reference, paragraphs 1 through 20 as though fully set forth at length.

22.　Tech Ag is entitled, pursuant to the terms of the Note and Agreement, (Exhibit 1) to take possession of, among other things, the Collateral (as defined therein) upon a default under the terms of the Agreement or Note. As set forth above, Capital Farms and Gill have defaulted on their obligations to Tech Ag by, among other things, failing to pay the Obligations in accord with the maturity date pursuant to the Loan Documents, the Demand, and the other defaults referenced hereinabove.

23.　Tech Ag has not taken possession of the Collateral, nor is the Complaint based upon any claimed deficiency balance.

This electronic document is the official court record (GC68150)

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

24.     Tech Ag is informed and believes and thereon alleges that the Collateral is currently in the possession of Capital Farms, Gill, the processor of the Collateral and/or partially in the possession of those on whose property portions of the Collateral are stored and/or partially in the possession of those who market the crop Collateral for sale and Does 1 through 25. Tech Ag is entitled to immediate possession of the Collateral but Capital Farms, Gill, and Does 1 through 25 have unjustly withheld the same from Tech Ag. Tech Ag does not know the value of the Collateral as it is not in Tech Ag's possession. Tech Ag will present information regarding the value of the Collateral at the time of any hearing related thereto. By reason of the wrongful withholding by Capital Farms, Gill, and Does 1 through 25, Tech Ag is entitled to return of the Collateral, plus damages for any loss of use of, damage to or loss of the Collateral, and in a sum equal to accrued interest calculated on the value of the Collateral, according to proof, until paid or date of entry of judgment. In the alternative, Tech Ag is entitled to recover from Capital Farms, Gill, and Does 1 through 25, payment for the actual value of the Collateral, according to proof, plus damages for loss of use of said property, and a sum equal to accrued interest calculated on said value at the legal rate, according to proof, until paid or date of entry of judgment.

## THIRD CAUSE OF ACTION

### (Conversion – Against Defendants Capital Farms, Gill and Does 26-50, inclusive)

25.     Tech Ag incorporates herein by this reference, paragraphs 1 through 24, as though fully set forth at length.

26.     Tech Ag demands that Defendants, and each of them, cease the use of the Collateral described in the Note and Agreement, (Exhibit 1 hereto), and its proceeds and turn the same over to Tech Ag. However, Tech Ag is informed and believes and thereon alleges that Defendants, and each of them, refuse to do so. Tech Ag is informed and believes that Defendants and Does 26 through 50, have willfully, intentionally, and wrongfully sold the Collateral or otherwise converted the Collateral and its proceeds for their own use, to the detriment of Tech Ag.

27.     By virtue of the above described acts of Defendants, and each them, Tech Ag is entitled to recover payment for the actual value of the Collateral and its proceeds according to proof, plus interest thereon at the legal rate, according to proof, until paid or date of entry of

This electronic document is the official court record (GC6815O)

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  judgment, whichever occurs first.

2      WHEREFORE, TECH AG prays for judgment against the defendants and each of them as

3  follows:

4                    **ON THE FIRST CAUSE OF ACTION**

5      Against Defendants Capital Farms and Gill, inclusive:

6      1.      For a judgment stating that the amount due, owing and payable under the

7  Agreement and Note as of September 2, 2024, is as follows:

8              a.      Principal in an amount according to proof but not less than the sum of

9  $350,032.00;

10             b.      Non-default interest in an amount according to proof, but not less than

11  $50,838.94;

12             c.      Default Interest in an amount according to proof, but not less than

13  $15,441.27;

14             d.      Costs and reasonable attorneys' fees in an amount to be set by the Court

15  according to proof but not less than $10,000.00; and

16             e.      Such amounts as Tech Ag may advance, if any, to or for the benefit of the

17  Capital Farms and/or Gill, or the property securing the obligations of Capital Farms and/or Gill to

18  Tech Ag according to proof.

19                   **ON THE SECOND CAUSE OF ACTION**

20      Against Defendants Capital Farms, Gill and Does 1-25, inclusive:

21      1.      For return of the Collateral as described in the Note and Agreement, Exhibit 1.

22      2.      Judgment for possession of the Collateral by Tech Ag and/or sale or liquidation of

23  the Collateral described in the Agreement in accordance with California Commercial Code and the

24  proceeds of the sale be applied to payment of the amounts due to Tech Ag.

25      3.      For judgment for claim and delivery of the Collateral.

26                   **ON THE THIRD CAUSE OF ACTION**

27      Against Defendants Capital Farms, Gill, and Does 26-50, inclusive:

28      1.      Judgment against all Defendants in the sum equal to the actual value of the

This electronic document is the official court record (GC6815O)

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   property converted and all sums expended by Tech Ag in obtaining recovery of the collateral, plus

2   interest thereon at the legal rate, according to proof until date of entry of judgment.

3       2.    For attorney's fees and costs and treble damages pursuant to California Penal Code

4   section 496(c), applicable to the entire amount of the damages suffered by Plaintiff, but not less

5   than $100,000.00.

6                **<u>ON ALL CAUSES OF ACTION</u>**

7       1.    For costs of suit incurred herein; and

8       2.    For such other and further relief as the Court may deem just and proper.

9

10   DATED:  September 25, 2024        FRANDZEL ROBINS BLOOM & CSATO, L.C.

11                               MICHAEL J. GOMEZ

12

13

14           By: _____

15                    MICHAEL J. GOMEZ
                 Attorneys for Plaintiff,

16                    TECH AG FINANCIAL GROUP, INC.

17

18

19

20

21

22

23

24

25

26

27

28

This electronic document is the official court record (GC68150)

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# VERIFICATION

I, Steve Houchin, have read the foregoing **VERIFIED COMPLAINT** and know its contents.

☐     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒     I am a Vice President of Tech Ag Financial Group, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

        ☒     I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

        ☐     The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐     I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18ᵗʰ, 2024, at Bakersfield, California.

 

 

 

_____          _____
  Steve Houchin                                     Signature
Print Name of Signatory

This electronic document is the official court record (GC6814-0)

# EXHIBIT 1

DocuSign Envelope ID: 16BB040A-9FDB-4B4D-8268-D3F75A2AB5E5

This electronic document is the official court record (GC681.0)

Filed 03/11/25

# APPLICATION / MASTER NOTE / SECURITY AGREEMENT



**(A) LOAN REQUEST**   | $350,000.00

**(B) APPLICANT INFORMATION**

| Individual Legal Name [must be same as driver's license] Loan requires at least one Individual | Social Security Number | Year Began Farming | Date of Birth |
|---|---|---|---|
| Gurmej Singh Gill | xxx-xx-6758 | 2012 | xx/xx/1954 |
|  |  |  |  |

Entity Information - Name should match as registered with the Secretary of State. Include entity formation documents and complete the Tech Ag Financial borrowing authorization forms on non-scorecard loan requests.

| Business Name | Entity Type | | | |
|---|---|---|---|---|
| Capital Farms, Inc. | ☐ Partnership  ☑ Corporation  ☐ LLC  ☐ Other | | | |

| Tax ID Number | State of Formation |
|---|---|
| xx-xxx4002 | CA |

| Mailing and Physical Address | City | State | Zip | Primary County of Residence |
|---|---|---|---|---|
| 1973 Hardial Dr | Yuba City | CA | 95993 | Sutter |

| Phone # | Cell # | Email |
|---|---|---|
| (530) 681-3112 | (530) 681-3112 | gurmejgill@yahoo.com |

| Primary State of Farmland | Primary County of Farmland |
|---|---|
| CA | Placer |

**(C) APPLICANT FINANCIAL AND INCOME INFORMATION**   Non-scorecard loan requests, attach the most recent three years of (tax returns and year-end balance sheets) for all applicants. For scorecard loans, complete below.

| Statement Date: | | Total Assets | Total Liabilities |
|---|---|---|---|
| Balance Sheet | 10/11/2022 | $3,000,000.00 | $1,000,000.00 |
| Income (Annual) | | Gross Farm (Schedule F) | Non-Farm |
| | | $1,575,000.00 | $100,000.00 |

**(D) OPERATING LINE**   Do you have an operating line?  ☑ Yes   ☐ No, if yes complete below

| Lender(s) Names with an Operating Line | Operating Line Amount | Current Principal Balance | Secured By |
|---|---|---|---|
| RaboAgri Finance | $600,000.00 | $450,000.00 | Crops |

**(E) CROP PLANNING INFORMATION**

Insurance Coverage: RP, YP, etc.

| Crop | Acres | Average Yield | (Less) Prod. Used for Feed % | (Less) Landlord's Share % | Price Per Unit | Total Crop Value | Type | % |
|---|---|---|---|---|---|---|---|---|
| Almonds | 315 | 2,500.00 | 0.00 % | 0.00 % | $2.00 | $1,575,000.00 | OTHER | 75.00 % |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  | Total crop value: | $1,575,000.00 |  |  |

**(F) REPRESENTATIONS BY UNDERSIGNED**

Each of the undersigned ("Applicant(s)" or "Borrower(s)") specifically represents to lender named in Loan Commitment or loan denial, and its agents, successors and assignees ("Lender") that the information furnished herein is true and complete. Applicants agree to notify Lender promptly of any material change(s) to this information. Applicants agree that Lender can verify the information herein and any subsequently added, and provide any information requested by Applicants' creditors and insurance agents ("Creditors"). Creditors are authorized to provide all requested information to Lender. Applicants grant Lender and its assignees permission to obtain a credit report in connection with this application, to make a credit decision,  review the account to determine continued eligibility, or collect on the Loan. Lender may disburse Loan proceeds directly to the entity from which Borrower will be purchasing agricultural inputs ("Dealer") for the purpose requested herein and may share its credit decision, credit experience and any credit report with its co-lenders or potential assignees, transferees, participants, or the Dealer. Lender will  report  credit and transaction experience  to credit reporting agencies. The Dealer is not authorized to extend commitments for financing or change any terms thereof, including interest rate, and no borrower shall rely on Dealer may be construed as a commitment for financing. Lender is not responsible for any representation, guarantee, or warranty made by the Dealer, manufacturer or any other party in connection with the item(s) financed, nor shall Lender be liable for any breach thereof. The master note/security agreement ("Note") contained herein and agreed to by Borrowers is conditional upon Lender granting credit. If approved, complete versions of the Agreement will be available upon request of the Primary Borrower either electronically or by mail. If denied, a separate letter will be issued by Lender, and the Note shall be null and void and will be returned on Applicants' written request. Each of the undersigned warrants and certifies they have authority to act and sign for any applicant entity as of the date below. The information contained herein is provided for the purpose of obtaining business (non-consumer) credit with the Lender on behalf of the undersigned. Each Borrower hereby certifies it is engaged in the business of commercial farming and all products purchased on credit or with Loan proceeds will be used exclusively for commercial farming and agricultural purposes. This declaration of business purpose is made under penalty of perjury. Transmission of this Application/Master Note/Security Agreement ("App/Note") is an electronic record containing an electronic signature, as those terms are defined in applicable federal and state laws, or facsimile transmission of this App/Note containing a facsimile signature, shall be as effective, enforceable and valid as if a paper version of this App/Note were delivered containing an original signature. This App/Note constitutes an original document for legal purposes and is effective as a transferable record. The method used herein reliably establishes the identity of the Lender as a holder in due course and the person entitled to control the transfer of this electronic App/Note. Borrower may request a paper copy of any record available electronically. Ohio ECOA: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual request. The Ohio civil rights commission administers compliance with this law.

***Dealer is not authorized to sell or transfer this document.***

**APPLICANT / BORROWER(S) SIGNATURE**   (Must sign as individual and as officer (if applicable)

**When there is more than one signature below it is the intent of all to apply for joint credit.**

| Date: 10/20/2022 | 9:35 AM PDT | Entity Name: Capital Farms, Inc. |
|---|---|---|
| *Gurmej Singh Gill* | | By: *Gurmej Singh Gill*   By: |
| Gurmej Singh Gill, Individually | Individual Signature | Gurmej Singh Gill        Authorized Signature |
| | | Title: President   Title: |

**THIS AGREEMENT CONSISTS OF: APPLICATION/MASTER NOTE /SECURITY AGREEMENT, LOAN COMMITMENT(S), ADDENDUM TO MASTER NOTE /SECURITY AGREEMENT AND CUSTOMER FEE STATEMENT (IF ANY) ("AGREEMENT")**

Filed 03/11/25

Case 25-01009

Doc 1

**(G) MASTER NOTE / SECURITY AGREEMENT**

By signing above, Borrowers hereby apply for a loan in the amount of the Loan Request, stated above, from Lender, for the purchase of seed, agricultural products and supplies and related services solely for use in Borrowers' farming operations ("Loan" or "Loans") and agree as follows:

**1. PAYMENT OBLIGATIONS** For value received, Borrowers promise to pay to the Lender the principal sum equal to the Loan Request, stated above, or so much thereof as due and owing hereunder, together with interest accrued thereon at one of the following:

- ADJUSTABLE RATE PRIME BASED not to exceed prime rate (as quoted in the Wall Street Journal) plus 15%, is the initial rate of interest, equal to the Interest Rate, based on an index and a margin. Specifics are set forth in Borrowers' individual Loan Commitment and incorporated herein by this reference. The index for adjustments is the prime rate reported on the tenth day of the month preceding the interest rate change date by the Wall Street Journal in its daily listing of money rates, defined therein as "the base rate on corporate loans posted by at least 70 percent of the 10 largest U. S. banks." If a prime rate is not reported on the tenth day of a month, the prime rate reported on the first business day preceding the tenth day of the month will be used. If this index is no longer available, Lender will select a new index which is based upon comparable information.

- FIXED RATE not to exceed 20% per annum fixed. The fixed interest rate will not be increased or decreased except in the event of default when permitted by law. Specifics on rates are contained in Borrowers' individual Loan Commitment and incorporated herein by this reference.

- INDEXED VARIABLE RATE. The current annual rate of interest and other specifics are set forth in the Borrowers' individual Loan Commitment and incorporated herein by this reference. The interest rate is subject to change any time during the term of the Loan. The index for adjustments is the Lender's cost of funds for variable rate funding as determined by Lender. The Borrowers will be notified in writing of any rate changes during the term of the Loan.

The principal sum due and owing hereunder, together with the interest accrued thereon, shall be due and payable on or before the maturity date as set forth in the Loan Commitment. When permitted by law prior to maturity, including maturity by acceleration, if Borrowers default under this Loan, Six percentage points (6.00%) will be added to the interest rate ("Default Rate"), and the amount of such interest in excess of the interest otherwise accruing in the absence of default shall be immediately due and payable. At maturity or upon acceleration of maturity by reason of default, the entire Loan obligation including all principal, interest and advancements ("Obligations") shall bear interest until paid at the Default Rate in effect at the time of maturity or acceleration of maturity, as the case may be. Borrowers shall not be required to pay the interest in excess of the amount permitted by applicable law and the final amount due under the Agreement shall be adjusted so that the total interest actually paid will equal the maximum amount that may be lawfully collected. Interest may be based upon a 360- or 365-day year as the Lender may determine. Notwithstanding the foregoing or any provision herein to the contrary, in no event shall the interest rate be less than 0.00% per annum.

**If the Loan is identified as Revolving in the Loan Type on Borrower's Loan Commitment, the following language will apply: REVOLVING LOAN:** This is a revolving loan. Lender may, from time to time, make advances of principal to Borrower ("Advances") upon Borrower's request during the Draw Period. The "Draw Period" shall be the period of time prior to maturity of the Loan during which all of the following are satisfied, at Lender's sole discretion: (A) Borrower meets all of the applicable loan program requirements, (B) Borrower is not in default of this Agreement or any related agreements, (C) Borrower is in compliance with all terms of the Agreement and all related agreements, and (D) the Loan has not matured. Repayment of principal reinstates the amount of revolving credit available, subject to the terms of this Agreement. Borrower understands that the maximum amount of revolving credit available to Borrower at any one point in time will be identified in the Loan Commitment, and regardless of any amount specified in this Agreement, the actual credit available hereunder shall not exceed the credit limit stated in the Loan Commitment. Borrower understands that Lender may at any time stop making Advances on Borrower's behalf if any of the following occur, at Lender's sole discretion: (A) the total of a requested Advance, when combined with the current principal balance of the Loan, would cause the amount due under this Agreement to exceed the credit limit stated in the Loan Commitment; (B) the Maturity Date (as defined in the Loan Commitment) or the Draw Period has passed; (C) Borrower is in default of this Agreement or any other agreement with Lender; (D) the Advance is not allowed under the then existing policies and procedures of Lender; (E) there has been a material adverse effect in Borrower's ability to satisfy Borrower's obligations to Lender, as determined solely by Lender; or (F) Borrower has applied funds provided pursuant to this Agreement for purposes other than those authorized by Lender.

**2.SECURITY** To secure the performance of all agreements contained herein and the payment of any and all of Borrowers' Obligations to Lender, whether under this Agreement or otherwise, whether in existing or future security agreements from Borrowers or any of them to Lender, Borrowers hereby grant Lender a security interest in and to all of the following whether now owned or hereafter acquired: all farm products and proceeds thereof, all additions or accessions thereto, and all substitutions and replacements thereof; all crops growing, grown, or to be grown; all harvested crops; all livestock; all warehouse receipts or other documents (negotiable or non-negotiable) issued for storage of such crops; all seed, fertilizer, chemicals and petroleum, and any other crop input products; all contract rights, chattel paper, documents, instruments, accounts, accounts receivable, general intangibles, and cash and non cash proceeds from the sale, exchange, collection, or disposition of any of the collateral; all entitlements and payments, whether in cash or in kind, arising under any governmental, whether federal or state, agricultural subsidy, deficiency, diversion, conservation, disaster, or any similar or other programs; all farm and business machinery, equipment and tools ("Collateral"). Borrowers hereby authorize and grant to Lender on Borrowers' behalf an irrevocable power of attorney to execute and file such financing statements, effective financing statements and farm product central and/or private notice statements, and other instruments as Lender deems necessary to establish, maintain and enforce a valid security interest in the Collateral or in the alternative, Lender is authorized to file the financing statement and such other instruments without Borrowers' signatures. Borrowers agree to deliver upon the request of Lender such additional or corrected documents, drafts, or instruments as the Lender may deem necessary.

**3. FUTURE CREDIT REVIEW (EVERGREEN).** The parties intend to develop a lending relationship in which future loans may be made for purposes similar to the initial Loan, after Lender's credit review and upon Lender's sole discretion. If a future Loan is made, the terms and conditions, including the approved Loan amount, shall be set forth in a Loan Commitment provided by Lender. Borrowers' continued use of the funds set forth in the Loan Commitment constitutes agreement to the changed terms. Borrowers may request a change to Borrowers' approved Loan amount by contacting Lender. Updated financial statements and/or anticipated crop plan information may be required for Lender's consideration of a future Loan, even if an increased Loan amount is not requested. Material changes to financial position and/or repayment history with Lender and/or other creditors will negatively impact Borrowers' potential for a future Loan. If Borrowers do not agree to accept such future Loan, Borrowers must provide written notice to Lender, pay the outstanding Loan balance(s) in full, and the Loan Commitment will thereby be terminated. If either party provides timely notice of its intent not to renew this Agreement, the Agreement shall terminate on the expiration of the then-current Loan and all Obligations, including expenses and fees, shall be immediately due and payable.

**4. CHANGES TO BORROWERS' AGREEMENT AND LOAN AMOUNT.** At Lender's discretion, and except as prohibited by applicable law, Lender may change Borrowers' Loan amount, Maturity Date, fees, costs, interest rate or other terms of this Agreement at any time. In the event any change will cause a fee, rate or payment to increase (other than due to a change in the Prime Rate), Lender will notify Borrowers of such change either by sending Borrowers a separate notice or by reflecting such change on Borrowers' monthly statement or billing notice at least 15 days before the beginning of the billing period in which the change will become effective. Any change to this Agreement may take effect before Borrowers receive notification from Lender, and all such changes shall be binding upon Borrowers and Lender.

**5. INSTRUMENTS EVIDENCING THE LOANS.** Each Loan will be evidenced and governed by this application, master note and security agreement, Loan Commitment(s), monthly statements, and any additional documents as required by the Lender. In addition, Lender may collateral for any or all Loans and Borrowers will be required to execute and deliver security agreements, financing statements, and other security documents as requested by Lender from time to time.

**6. APPLICATION OF PAYMENTS** Borrowers will repay the principal on the Loans in full, with interest. When Borrowers make payments on the Loans or other indebtedness, Lender shall have the final determination as to how the payments will be applied. Each Loan may consist of any group of transactions evidenced by an Agreement, Loan Commitment(s), and billing statements, which is administered separately by Lender and identified as loan number(s) assigned by the Lender; and payments by the Borrowers on such Loans may be applied to a Loan as a whole and as Lender deems fit.

Tech Ag Financial Application / Master Note / Security Agreement       rev: 04/21

This electronic document is the official court record (GC661450)

This electronic document is the official court record (GC681450)

**7. DISBURSEMENT OF LOAN FUNDS**. Disbursements of principal under the Loans may be made at various times at the request of Borrowers, provided that Lender shall have the right to withhold further disbursements if it determines that: (a) the value of the Collateral is insufficient; (b) Loan proceeds previously advanced have been used for purposes other than those approved by Lender; (c) the terms and conditions of this Agreement have been violated by Borrowers; (d) Borrowers do not demonstrate continued involvement in farming, or (e) any other event has occurred which would entitle Lender to accelerate payment of the Loan.

**8. EVENTS OF DEFAULT/REMEDIES**. Each of the following constitutes a default by Borrowers under this document: (a) the failure of Borrowers to perform any warranty or agreement contained in this document or in any instrument securing payment of this Loan or related to this Loan; (b) a default by Borrowers under any other promissory note executed by the Borrowers, or any one or more of them, and payable to the Lender; (c) if any statement or report furnished by the Borrowers to the Lender is false in any material respect; (d) if any Collateral is lost, stolen, substantially damaged, destroyed, or, without the Lender's prior written consent, sold or encumbered; (e) if any of the Borrowers die, is dissolved or its existence is terminated, declares insolvency, is declared insolvent, is the subject of any proceeding under any bankruptcy or insolvency law, or is the subject of any proceeding under any state or federal farm or agricultural debt mediation law; (f) any failure by Borrowers to plant as described in the Crop Planning Information section, to plant the seeds, cultivate, and harvest the resulting crops in due season and in a good and farmer like manner, or to properly care for or protect any of the Collateral; (g) the Lender, in good faith, deems itself insecure or determines that the prospect of Borrowers' payment of this Loan or the prospect of Borrowers' performance of this or any other instrument securing this Loan or relating to it is impaired, (h) any Borrowers' use of any loan proceeds or Collateral for an unlawful purpose, and (i) any failure by Borrowers to satisfy, to Lender's satisfaction, each condition set out in Borrowers' Loan Commitment. Upon the occurrence of any one or more events of default, at Lender's option, all Loans outstanding shall become immediately due and payable, without notice to or demand upon Borrowers and Lender shall have all remedies available to it at law or equity, including all of the remedies as to the Collateral of a secured party under the Uniform Commercial Code, including which shall permit Lender to demand immediate payment of all Obligations under the Loans, refuse further loans and cancel future disbursements, and exercise all remedies available to it hereunder including the right to proceed against any or all Collateral, and under any applicable law (all such remedies shall be taken and construed as cumulative).

**9. EXPENSES**. Borrowers promise to pay those fees required at the time of Loan application, Loan closing or set forth in the Loan Commitment, including searches of public records, application fees, filing fees, documentary stamp taxes and other similar charges, and other expenses related to the Loan as determined by Lender. If Borrowers do not pay the full amount of such fees, Lender can pay them and such payment is deemed to be a request by Borrowers for an advance against the Loan. Except where prohibited by law, in the event of a default, Borrowers promise to pay all expenses reasonably incurred by Lender or its agents in determining priority of, collecting, enforcing the Obligations or Lender's interest in the Collateral, including but not limited to, reasonable attorney's fees, collection costs and legal costs with interest, when permitted by law, whether or not suit is filed, in prejudgment and post judgment enforcements, and in any bankruptcy case involving Borrowers or Collateral. Lender is authorized but not obligated to pay the following items, charge the same to any Loan, and charge interest thereon at the rate or rates then applicable to the Loan: amounts required to pay prior or superior liens on any of the Collateral and the premiums for crop insurance required from the Borrowers in connection with the Loan.

**10. WAIVER AND RELEASE**. No waiver by Lender, whether express or implied, of any default shall operate as a waiver of any other default or of the same default on a future occasion. The rights granted Lender herein may be exercised cumulatively or individually without prejudice to any right, which Lender may have at law or equity. Any failure by Lender to enforce or require strict adherence to any of the terms or conditions of this Agreement shall not constitute a waiver by Lender of a breach of any of the other terms or conditions of this Agreement. The Borrowers and other parties to this transaction (except the Lender), and each of them, including principal, surety, guarantor or endorser, agree to be jointly and severally bound and, further, waive demand, protest, and notice of demand, or nonpayment, and agree that the liability of each shall be unconditional without regard to the liability of any other party and shall not be affected by any indulgence, extension, renewal, waiver, release of any party, or of any Collateral, or other modifications granted or consented to by the Lender.

**11. GENERAL**. This Agreement shall be construed in accordance with the laws of the state in which the sale of the products was made ("State of Governing Law") and by applicable federal law. All terms herein that are defined in the Uniform Commercial Code, as enacted in the State of Governing Law ("UCC"), shall have the meanings set forth in the UCC. If any provision(s) of this Agreement are prohibited or are otherwise unenforceable, that shall not affect the enforceability or validity of any other provisions of this Agreement and all other provisions shall remain valid and enforceable. In the event of a conflict between the App/Note and the Loan Commitment, the Loan Commitment controls.

**12. RETURN OF COLLATERAL**. Borrowers agree if it is necessary to return the Collateral, it will be returned to the "Dealer". Any such returns will not reduce the Obligations owing until a credit is received by Lender.

**13. DISCLAIMER OF WARRANTIES**. Borrowers understand the Collateral is financed by Lender without any warranty, express or implied. This includes any implied warranties of merchantability and/or fitness for particular purpose. Any questions or complaints about the Collateral should be directed to the seed company, Dealer or product manufacturer and such claim does not constitute a defense by Borrowers for nonpayment of this Agreement.

**14. WARRANTIES AND AGREEMENTS.**

   **a.**   Borrowers are the absolute owners of the Collateral free from any encumbrances, liens, security interests, or equity interests, except for the security interest granted herein and except as disclosed by the Borrowers to the Lender in writing.

   **b.**   If insurance coverage was required as a condition of loan approval, or at any time during the term of the Loan, Borrowers agree to apply for and maintain such required insurance coverage on all items of Collateral hereunder, until the Loan and all other Obligations have been paid in full. All such policies of insurance shall be issued in such amounts as are acceptable to Lender. Lender shall be named as an additional insured party and/or loss payee on such policy or policies. If any insurance loss is paid to Borrowers and Lender jointly, Borrowers hereby appoint Lender as their attorney to endorse Borrowers' names thereon and to apply the proceeds as set forth below. Lender is authorized to apply the insurance proceeds or any part thereof, at the sole discretion of Lender, to the replanting of the Collateral damaged or destroyed, or to the reduction of the Loan and the other Obligations, in such order of application as Lender may determine.

   **c.**   For each Borrower that is not an individual, the legal name of each such Borrower is as set forth herein or in an addendum hereto. None of the Borrowers have used any trade name, assumed name, or other name except those set forth herein or in an addendum hereto. Borrowers shall give Lender 30 days prior written notice before any such change.

   **d.**   If any of the Borrowers is a Registered Organization, as that term is defined in the UCC, all information provided to the Lender concerning its state or other location of organization is true, accurate, and complete. No Borrower that is a Registered Organization shall change its state or other location of organization without providing 30 days prior written notice thereof to the Lender before making any such change.

   **e.**   If any of the Borrowers is an individual or an entity that is not a Registered Organization, all information provided by the Borrowers to the Lender concerning the address of an individual Borrower's residence or the address of the chief executive office of an entity that is not a Registered Organization is true, accurate, and complete. None of the individual Borrowers shall change that address of residence without providing 30 days prior written notice before such address change. None of the Borrowers that are entities that are not Registered Organizations shall change that address of the chief executive office without providing 30 days prior written notice before such address change.

   **f.**   Each Borrower who is an individual shall give Lender written notice at least 30 days before any change in Borrower's name, or a name change on Borrower's driver's license or other state-issued identification ("Driver's License"), or expiration, renewal or replacement of Borrower's Driver's License. Each Borrower gives Lender authority to periodically inspect their Driver's License.

   **g.**   Each of the Borrowers hereby appoints each of the other Borrowers as agent for the purposes of this Loan and, if applicable, the Obligations and agrees that loan funds may be disbursed to any one or more of them, as the Lender may elect. This appointment shall continue until written notice of termination is received by the Lender.

This electronic document is the official court record (GC6814.0)

**15. RELATIONSHIP OF PARTIES AND BORROWERS' DECISION.** This Agreement does not establish a joint venture, partnership, or joint enterprise between Borrowers and Lender. Borrowers have the absolute obligation to make full payment under the terms and conditions of this Agreement, despite any losses, damage, or destruction to the farm products produced or other Collateral, and despite any financial losses or failure to realize profits from Borrowers' operations. Borrowers realize that because of uncertainties in the farm business, market conditions or profits or losses results cannot be predicted or guaranteed by Lender. Any advice or recommendation by Lender's employees or agents is solely by way of recommendation. Borrowers' implementation of any such recommendation is exclusively Borrowers' decision and Lender shall have no liability for any such decision.

**16. SUCCESSORS AND ASSIGNS.** This Agreement shall inure to the benefit of and be binding upon the respective heirs, successors and assigns of the parties. The Borrowers are prohibited from assigning this Agreement or delegating any of their undertakings, obligations or rights hereunder, and no rights are intended to be created for the benefit of any third-party donee, creditor or incidental beneficiary of the Borrowers.

**17. BORROWER/LENDER RELATIONSHIP.** Lender is neither an agent for nor a fiduciary of Borrowers in regard to Borrowers' farming operations or Borrowers' borrowing transactions.

**18. FINANCIAL RECORDS.** Borrowers agree to (a) maintain complete and accurate financial books and records for Borrowers' business, (b) permit access thereto to the Lender, and (c) provide periodic financial information as requested by Lender in a form acceptable to Lender.

**19. STATE LAW DISCLOSURE**
**NORTH DAKOTA.** If the Loan is made in North Dakota the following applies:
This security agreement covers crops now growing. This security agreement also covers future crops to be grown in the current year or any year hereafter. Pursuant to Section 13-05-01-04 of the North Dakota Administrative Code as amended requiring a Loan Disclosure Statement, Lender provides Loan(s) Commitment(s) which set forth a summary of the Loan terms and general information regarding the Loan(s) and Note between Lender and Borrowers. Borrowers should refer to the Loan Commitment(s) for the Loan Disclosure Statement.

CAUTION TO BORROWER: If you do not have the funds to pay the balloon payment when due, it may be necessary for you to obtain a new loan against your property for this purpose and you may be required to again pay commission and expenses for arranging the loan. Keep this in mind when deciding upon the amount and terms of the loan that you can obtain at this time.

NOTICE: MONEY BROKERS ARE LICENSED AND REGULATED BY THE DEPARTMENT OF FINANCIAL INSTITUTIONS, 2000 SCHAFER STREET, SUITE G, BISMARCK, NORTH DAKOTA 58501-1204. THE DEPARTMENT OF FINANCIAL INSTITUTIONS HAS NOT PASSED ON THE MERITS OF THE CONTRACT AND LICENSING DOES NOT CONSTITUTE AN APPROVAL OF THE TERMS OR OF THE BROKER'S ABILITY TO ARRANGE ANY LOAN. COMPLAINTS REGARDING THE SERVICES OF MONEY BROKERS SHOULD BE DIRECTED TO THE DEPARTMENT OF FINANCIAL INSTITUTIONS.

**SOUTH DAKOTA.** If the Loan is made in South Dakota the following applies:
Borrowers may contact: Division of Banking, South Dakota Department of Labor and Regulation, 1601 N. Harrison Avenue, Suite 1, Pierre, SD 57501, Phone: 605.773.3421, email: banking@state.sd.us, to report any improprieties in making this loan or in loan practices.

**20. IDENTITY VERIFICATION AND ANTI MONEY LAUNDERING** To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each person who applies for a loan. So, in addition to the information requested herein, we may also ask to see your driver's license or other identifying documents and the name on those documents must be the same as loan applicant name on page 1. Borrowers represent and warrant that the identity information set forth above and otherwise provided is true and correct.

**21. WAIVER OF JURY TRIAL. TO THE EXTENT NOT PROHIBITED BY LAW, BORROWER AND LENDER HEREBY IRREVOCABLY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM, ACTION, PROCEEDING, OR COUNTERCLAIM BASED UPON OR ARISING OUT OF THIS AGREEMENT, ANY LOAN COMMITMENT, OR ANY LENDING RELATIONSHIP BETWEEN THE PARTIES.**

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT AND ANY ADDENDUM SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt, including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect you (Borrowers) and us (Lender) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Agreement, which is the complete and exclusive statement of the agreement between us, except as we may later agree upon in writing to modify it.

This electronic document is the official court record (GC68140)

# EXHIBIT 2

This electronic document is the official court record (GC681-60)

# Tech Ag Financial
PO BOX 64949
ST. PAUL, MN 55164-0949

_____

CAPITAL FARMS, INC.
1973 HARDIAL DR
YUBA CITY, CA   95993

10/20/2022

Dear: CAPITAL FARMS, INC.

TECH AG has requested we inform you, on its behalf, that your request has been approved, in accordance with the terms of this Loan Commitment.

**For the most efficient payment processing, please make payments online at [www.myagriloan.com](www.myagriloan.com)**

Mailed payments may be sent to:
Tech Ag Financial
P.O. Box 740411
Cincinnati, OH 45274-0411

Payments should be made payable to Tech Ag Financial.  Please include a loan number(s) on check to reference which loan(s) payment is intended.

An exact copy of the Application/Master Note and Security Agreement signed by you will be provided upon request, by calling the phone number listed below.

We look forward to working with you this upcoming crop season and into the future.  If you have any questions or any concerns regarding your Tech Ag Financial loan or payment instructions, please contact us at (888) 606-1588.

Thank you for your 2023 crop input financing.

Sincerely,


Tech Ag Financial

Enclosures

This electronic document is the official court record (GC68140)

## Tech Ag Financial

## Loan Commitment

Commitment Date:    10/20/2022

Borrower Name:      CAPITAL FARMS, INC.
                    1973 HARDIAL DR
                    YUBA CITY, CA 95993

Loan Number:        ████0400

Loan Purpose:       U-INPUT-2023

Company or Dealer:  TECH AG

Lender:             TECH AG FINANCIAL GROUP, INC.

Loan Amount:        $350,000.00
                    The Loan Amount in this Loan Commitment is subject to change.  The current Loan Amount will
                    be reflected on the Borrower's current monthly statement.

Peak Balance:       No Peak

Maturity Date:      2/1/2024

Interest Rate:      10.25% Adjustable Rate Prime Based Loan
                    On the first day of each month the Interest Rate shall be adjusted by adding a margin of 4.0000%
                    to the prime rate as reported in the Wall Street Journal.

Repayment Terms:    The principal sum due and owing hereunder, together with the interest accrued thereon, shall be
                    due and payable on or before the Maturity Date.

This Loan Commitment is for a new Loan and is subject to the Master Note and Security Agreement, the terms of
which by this reference are incorporated herein, provided, however, in the event of a conflict between the terms of this
Loan Commitment and the Master Note and Security Agreement, the terms of the Loan Commitment shall apply.  In
the event of a conflict between the terms of this Loan Commitment and the monthly statement, the monthly statement
will control.  Borrower may not assign this Loan Commitment.  Primary Borrower is listed above.  Refer to the
Application, Master Note and Security Agreement for list of Co-Borrowers if applicable.

Company/Dealer's issuance of this Loan Commitment is not a representation or promise by Company/Dealer that any
future Loan(s) or Loan Commitment(s) will be extended to Borrower. If Borrower does not agree to accept such future
loan, Borrower must notify Company in writing. If either party provides timely notice of its intent not to renew this
Agreement, then this Agreement shall terminate on the expiration of the then-current loan.

Use of this credit line constitutes acceptance of these terms.

This electronic document is the official court record (GC68140)

# EXHIBIT 3

This electronic document is the official court record (GC68140)



August 28, 2024

**BY FEDERAL EXPRESS; U.S. POSTAL SERVICE (FIRST-CLASS MAIL); AND
U.S. POSTAL SERVICE (CERTIFIED MAIL-RETURN RECEIPT
REQUESTED)**

Gurmej Singh Gill                          Capital Farms, Inc.
1973 Hardial Dr                            1973 Hardial Dr
Yuba City, CA 95993                        Yuba City, CA 95993
                                           Attn: Gurmej Singh Gill, President


Capital Farms, Inc. – Pleasant Grove Yard      Capital Farms, Inc. – Pleasant Grove Yard
7670 Pleasant Grove                            1496 Bridge Ste, Apt. 1
Elverta, CA 95626                              Yuba City, CA 95993
Attn: Gurmej Singh Gill, President             Attn: Gurmej Singh Gill, President

Re:    **NOTICE OF DEFAULT AND DEMAND**
       **Tech Ag Financial Group, Inc.'s ("Tech Ag") Loan to Capital Farms, Inc.**
       **and Gurmej Singh Gill (together "You" or "Your")**

Dear Mr. Gill:

Please be advised that the undersigned has been retained by Tech Ag in connection with that
certain Application / Mater Note / Security Agreement executed by You on or about
October 20, 2022, in the original principal sum of $350,000.00 (the "App/Note") in favor of
Tech Ag. On or about October 20, 2022, You also received a Loan Commitment Letter
("Loan Commitment"). Contained within the App/Note is a Security Agreement, which
provides that the App/Note is secured by a blanket lien in all of Your now owned or
hereafter acquired farm products and proceeds thereof, all additions or accessions thereto,
and all substitutions and replacements thereof ("Collateral"). The App/Note and the Loan
Commitment are collectively referred to as the "Loan Documents."

NOTICE IS HEREBY GIVEN that the Loan Documents have been breached and that an
"Event of Default" has occurred within the meaning the Loan Documents. Specifically, by
failing to pay the principal sums due and owing, together with the interest accrued thereon,

5314850v1 | 101528-0005

**Frandzel Robins Bloom & Csato, L.C.**
Attorneys at Law

www.frandzel.com

**Los Angeles Office**
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2427

Tel  323.852.1000  Fax 323.651.2577

**Fresno Office**
516 West Shaw, Suite 200
Fresno, CA 93704-2515

Tel  559.221.2591  Fax 559.221.2660

This electronic document is the official court record (GC68146.0)

# FRANDZEL

Gurmej Singh Gill
Capital Farms, Inc.
August 28, 2024
Page 2

due and payable on or before the maturity date of February 1, 2024, as set forth in the Loan Commitment.

### NOTICE OF DEFAULT AND DEMAND UNDER THE LOAN DOCUMENTS

As a result of the Events of Default, Tech Ag hereby declares the entire indebtedness under the Loan to be in default; demands turnover of the Collateral; and demands that You immediately pay to Tech Ag all amounts owed under the Loan Documents including, but not limited to, the entire indebtedness, plus interest, late charges and fees, and any costs incurred by Tech Ag.

DEMAND IS HEREBY MADE of You to immediately pay to Tech Ag all amounts owed (**"Payoff Amount"**), including, without limitation, outstanding principal plus accrued and unpaid interest, plus late charges and fees and any costs incurred by Tech Ag and reimbursable by You. As interest under the Note continues to accrue daily, please contact the undersigned for the most current outstanding Payoff Amount. If the Payoff Amount is not actually received by Tech Ag before 1:00 p.m. CT on September 6, 2024, Tech Ag may enforce its rights and remedies against you under the Loan Documents.

Please be advised that, although Tech Ag may currently be voluntarily and temporarily refraining from exercising certain of the rights and/or remedies that may otherwise be available to it, such action (or inaction) by Tech Ag is absolutely and completely voluntary, gratuitous and temporary on the part of Tech Ag and Tech Ag expressly reserves all of its rights to hereafter, from time to time, exercise, invoke, implement and/or avail itself of any and all of its rights and/or remedies, without notification to You, or any other person or entity (except as may be expressly required by the terms of the applicable Loan Document(s) or applicable law), and regardless of whether any discussions between Tech Ag, on the one hand, and You, or any other person or entity, on the other hand, are continuing, have been discontinued or otherwise.

You acknowledge that any payments or partial payments made by You or any other entity either before or after the date of this letter, may be applied by Tech Ag in partial satisfaction of the obligations of You under the Loan Documents; provided, however, that neither the acceptance nor application by Tech Ag of any less than full payment shall constitute a cure or waiver of any default under the Loan Documents or constitute any extension or modification of the Loan Documents. The acceptance of any payment by Tech Ag was and is done under a reservation of all of its rights, and any contention made by You or any other person or entity that the acceptance of this money constitutes an agreement between Tech Ag and You to reinstate the Loan or cure the defaults is factually inaccurate. Without limiting the generality of the foregoing, acceptance of payments against the indebtedness,

This electronic document is the official court record (GC68140)

# FRANDZEL

Gurmej Singh Gill
Capital Farms, Inc.
August 28, 2024
Page 3

from time to time, by Tech Ag should not be construed as an express or implied agreement or promise to: (a) modify the Loan or the Loan Documents in any manner whatsoever; (b) make any concessions or grant any indulgences with respect to the indebtedness; or (c) waive, impair, modify, or diminish any rights and remedies Tech Ag may have under the Loan Documents or applicable law, all of which such rights and remedies are expressly reserved.

This letter supersedes all prior correspondence and other communications from Tech Ag, or its agents or representatives, with respect to the matters addressed herein. The description of the Loan Documents contained herein is for the information and convenience only of You and shall not be deemed to limit, amplify or modify the terms or otherwise affect any of such Loan Documents. The failure of Tech Ag to give notice to You of any default(s) and/or Event(s) of Default which may now exist or may hereafter arise is not intended to be, nor shall same be deemed to constitute, a waiver thereof. The terms and provisions of the Loan Documents are, and shall remain, in full force and effect; You are advised that Tech Ag requires and will require strict performance by You of all of Your respective obligations, agreements and covenants contained in the Loan Documents, and no inaction or action regarding any such breach is intended to be or shall be a waiver thereof.

In no event and under no circumstance shall any past or future discussions with Tech Ag and/or Tech Ag's forbearance from exercising any of its rights or remedies under the Loan Documents: (i) cause a modification of any of the Loan Documents or any documents executed in connection with those documents; (iii) operate as a waiver of any existing or future default(s) and/or Event(s) of Default under the Loan Documents or any of the other documents executed in connection therewith; (iv) entitle You or any other entity to any other or further notice or demand whatsoever; (v) in any way modify, change, impair, affect, diminish or release any obligations or liability of Yours or any other entity under or pursuant to the Loan Documents or any other document executed in connection therewith or any other liability any of such persons may have to Tech Ag; or (vi) waive, limit or condition the rights and remedies available to Tech Ag under the Loan Documents, all of which rights and remedies are expressly reserved.

This letter shall in no way be deemed to obligate Tech Ag to give You or any other entity any notices of any kind in connection with the App/Note, Loan Commitment, the other Loan Documents or otherwise. All waivers and consents on the part of You or any other entity, or any of them, contained in the App/Note, Loan Commitment, and/or the other

5314850v1 | 101528-0005

This electronic document is the official court record (GC681460)

# FRANDZEL

Gurmej Singh Gill
Capital Farms, Inc.
August 28, 2024
Page 4

Loan Documents remain in full force and effect and shall not be deemed to have been waived or released by Tech Ag as a result of delivery of this letter or otherwise.

Please be advised that this letter is a letter to collect a debt and any information received by the Tech Ag or by me will be used for that purpose.

Please be advised that nothing stated or omitted herein shall be deemed to be a complete statement of the facts or law regarding this matter and nothing stated or omitted herein shall be deemed to be a waiver of any of Tech Ag's rights and/or remedies and all such rights and remedies are cumulative. Nothing in this letter constitutes evidence of an agreement or of an offer to enter into an agreement.

Very truly yours,

FRANDZEL ROBINS BLOOM & CSATO, L.C.

MICHAEL J. GOMEZ
mgomez@frandzel.com

MJG

# EXHIBIT 3

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael J. Gomez (State Bar No. 251571)<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 Wilshire Boulevard, 19ᵗʰ Floor, Los Angeles, CA 90017-2427<br>TELEPHONE NO.: (323) 852-1000   FAX NO.: (323) 651-2577<br>EMAIL ADDRESS: mgomez@frandzel.com<br>ATTORNEY FOR *(Name):* TECH AG FINANCIAL GROUP, INC. | FOR COURT USE ONLY<br><br>Electronically Filed<br>September 25, 2024<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SUTTER<br>CLERK OF THE COURT<br>By: Brenda Johnson, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SUTTER**
STREET ADDRESS: 1175 Civic Center Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Yuba City 95993
BRANCH NAME:

CASE NAME: TECH AG FINANCIAL GROUP, INC. v. CAPITAL FARMS, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CVCS24-0002314 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $35,000)   ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☒ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 3 causes of action, incluidng breach of contract, claim and delivery, and conversion
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2024

Michael J. Goimez      ▶ /s/ Michael J. Gomez
_____    _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
5346444v1 | 101528-0005

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

This electronic document is the official court record (GC68150)

**CM-010**

This electronic document is the official court record (GC68150)

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT 4

**SUM-100**

*This electronic document is the official court record (GC68150)*

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
CAPITAL FARMS, INC., a California corporation; GURMEJ SINGH GILL, an individual; and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TECH AG FINANCIAL GROUP, INC., a California corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
September 25, 2024
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By: Brenda Johnson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California
County of Sutter
1175 Civic Center Blvd
Yuba City, CA 95993

CASE NUMBER:
*(Número del Caso):*   CVCS24-0002314

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Gomez      Phone: (323) 852-1000
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427

DATE:   09/25/2024      Clerk, by   *B Johnson*   , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

5346445v1 | 101528-0005   **Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT 5

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SUTTER** | **FOR COURT USE ONLY** |
|---|---|
| STREET ADDRESS: 1175 Civic Center Boulevard<br>MAILING ADDRESS: 1175 Civic Center Boulevard<br>CITY AND ZIP CODE: Yuba City, CA 95993<br>BRANCH NAME: | **FILED**<br>October 7, 2024<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SUTTER<br>CLERK OF THE COURT<br>By: Johnson, Brenda     Deputy |
| PLAINTIFF:<br>**TECH AG FINANCIAL GROUP, INC., A CALIFORNIA CORPORATION**<br><br>VS.<br><br>DEFENDANT:<br>**CAPITAL FARMS, INC., A CALIFORNIA CORPORATION** | |
| **NOTICE OF STATUS CONFERENCE** | CASE NUMBER:<br>**CVCS24-0002314** |

TO:     Michael J. Gomez
           1000 Wilshire Blvd Fl 19
           Los Angeles CA 90017-2427

**This matter is assigned to the Honorable Assigned No Judge for all pre-trial purposes & trial**. It will be tried by a different judge only if exceptional circumstances arise. The Court, following Judicial Council policy, will try to conclude this litigation within one year of the first pleading.

A Status Conference is set for: **10/05/2026 at 9:00 a.m. in Courtroom TBD**, of the above-entitled court, unless a judgment has been earlier entered or an at-issue memorandum has already been filed. At least seven (7) working days prior to that date, each party or counsel of record shall file with the clerk, a brief statement, not to exceed two (2) pages, reflecting the extent to which the case is not at-issue, what discovery and/or pretrial matters remain to be completed and a trial date estimate. Failure to comply with the Notice may result in the imposition of sanctions.

Plaintiff, personally or through counsel, shall cause a copy of this Notice to be served on all parties or intervenors, either with the summons, or, following a party's appearance, by mail. Any cross-complainant shall likewise serve this Notice on any parties brought before the court for the first time by the cross complaint. Proof of service shall be filed forthwith.

Date: October 7, 2024                      Stephanie M Hansel
                                     Court Executive Officer

                                     By:   Brenda Johnson
                                     Deputy Court Clerk

<u>**CERTIFICATE OF SERVICE BY MAIL OR PERSONAL SERVICE**</u>

I hereby certify that I am employed by Sutter County Superior Court. My business address is 1175 Civic Center Boulevard, Yuba City, CA 95993. I am over 18 years of age and not a party to this cause.

I further certify that on this date, a true copy of this document was:

     ☒   mailed first class, postage fully prepaid, in a sealed envelope addressed as indicated above.

Date: October 7, 2024                      Stephanie M Hansel
                                     Court Executive Officer

                                     By:   Brenda Johnson
                                     Deputy Court Clerk

# EXHIBIT 6

This electronic document is the official court record (GC68150)

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Michael J. Gomez, Esq | SBN: 251571<br>FRANDZEL ROBINS BLOOM & CSATO<br>1000 Wilshire Boulevard, 19th Floor  Los Angeles, CA 90017<br><br>TELEPHONE NO.: (323) 852-1000 | FAX NO. | E-MAIL ADDRESS mgomez@frandzel.com<br>ATTORNEY FOR *(Name):* Plaintiff: TECH AG FINANCIAL GROUP, INC., a California corporation | Electronically Filed<br>October 28, 2024<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SUTTER<br>CLERK OF THE COURT<br>By: Brenda Johnson, Deputy |

| **Sutter County Superior Court** | |
|---|---|
| STREET ADDRESS: 1175 Civic Center Blvd | |
| CITY AND ZIP CODE: Yuba City, CA 95993 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: TECH AG FINANCIAL GROUP, INC., a California corporation<br>DEFENDANT/RESPONDENT: CAPITAL FARMS, INC., a California corporation, et al. | CASE NUMBER:<br>CVCS24-0002314 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>101528-0005 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-Complaint
   - f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   **GURMEJ SINGH GILL, an individual**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: **1973 Hardial Dr**
   **Yuba City, CA 95993**

5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*

   - b. ☑ **by substituted service.** On *(date):* 10/18/2024 at *(time):* 9:25 AM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
     **Manny "Doe" (refused last name) - Occupant**
     **Age: 60 | Weight: 180 | Hair: black | Sex: Male | Height: 5'4" | Eyes: | Race: Middle Eastern**

     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☑ a declaration of mailing is attached.
     - (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LA572446** |
|---|---|---|

This electronic document is the official court record (GC68150)

| PETITIONER: **TECH AG FINANCIAL GROUP, INC., a California corporation** | CASE NUMBER: |
|---|---|
| RESPONDENT: **CAPITAL FARMS, INC., a California corporation, et al.** | **CVCS24-0002314** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)

                                    ☐ other:

7. **Person who served papers**

    a. Name: **Leslie Draper - Nationwide Legal, LLC REG: 12-234648**

    b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

    c. Telephone number: **(213) 249-9999**

    d. **The fee** for service was: **$ 167.50**

    e. I am:

        (1) ☑ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☐ registered California process server:

            (i) ☐ owner     ☐ employee     ☐ independent contractor.

            (ii) Registration No.:

            (iii) County: **Yuba/Sutter/Colusa/Glenn/Butte**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **10/21/2024**

    **Nationwide Legal, LLC**
    **1609 James M Wood Blvd.**
    **Los Angeles, CA 90015**
    **(213) 249-9999**
    **www.nationwideasap.com**

---

    **Leslie Draper**             ▶                               
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

This electronic document is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Michael J. Gomez, Esq | SBN: 251571<br>FRANDZEL ROBINS BLOOM & CSATO<br>1000 Wilshire Boulevard, 19th Floor   Los Angeles, CA 90017 | |
| TELEPHONE NO.: (323) 852-1000 | FAX NO. | E-MAIL ADDRESS mgomez@frandzel.com<br>ATTORNEY FOR *(Name):* Plaintiff: TECH AG FINANCIAL GROUP, INC., a California corporation | |

**Sutter County Superior Court**

STREET ADDRESS: 1175 Civic Center Blvd

MAILING ADDRESS:

CITY AND ZIP CODE: Yuba City, CA 95993

BRANCH NAME:

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: TECH AG FINANCIAL GROUP, INC., a California corporation | CVCS24-0002314 |
| DEFENDANT/RESPONDENT: CAPITAL FARMS, INC., a California corporation, et al. | |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:<br>101528-0005 |
|---|---|

I, Leslie Draper , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: GURMEJ SINGH GILL, an individual as follows:
Documents:

**Summons; Complaint; Civil Case Cover Sheet**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 10/15/2024 | 6:30 PM | Home | Spoke to adult female standing in the driveway that stated Gurmej was not present at the time of attempt. She did not provide her name.<br>1973 Hardial Dr, Yuba City, CA 95993 |
| 10/16/2024 | 2:50 PM | Home | There was no answer at the location. No one seemed to be in at the time.<br>1973 Hardial Dr, Yuba City, CA 95993 |
| 10/18/2024 | 9:25 AM | Home | Substituted service on: GURMEJ SINGH GILL, an individual; 1973 Hardial Dr, Yuba City, CA 95993; by serving: Manny "Doe" (refused last name) - Occupant, Middle Eastern Male 60 180 black 5'4" . |

**Fee for Service: $ 167.50**



County: **Yuba County**

Registration No.: **OS-057**

**Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 21, 2024.

Signature: _____

**Leslie Draper**

**AFFIDAVIT OF REASONABLE DILIGENCE**

This electronic document is the official court record (GC68150)

| Attorney or Party without Attorney: | FOR COURT USE ONLY |
|---|---|
| Michael J. Gomez, Esq, SBN: 251571 FRANDZEL ROBINS BLOOM & CSATO 1000 Wilshire Boulevard, 19th Floor Los Angeles, CA 90017 TELEPHONE No.: (323) 852-1000   E-MAIL ADDRESS (Optional): mgomez@frandzel.com   FAX No. (Optional): | |

Attorney for: Plaintiff TECH AG FINANCIAL GROUP, INC., a California corporation

Ref No. or File No.: 101528-0005

Insert name of Court, and Judicial District and Branch Court:

Sutter County Superior Court -

Petitioner: TECH AG FINANCIAL GROUP, INC., a California corporation

Respondent: CAPITAL FARMS, INC., a California corporation, et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: CVCS24-0002314 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occurred.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

   a. Date of Mailing:          October 21, 2024
   b. Place of Mailing:         Los Angeles, CA
   c. Addressed as follows:     GURMEJ SINGH GILL, an individual
                                1973 Hardial Dr
                                Yuba City, CA 95993

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: $ 167.50
**Nationwide Legal, LLC REG: 12-234648**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on October 21, 2024.

Signature: _____

Arthur Chale

---

**PROOF OF SERVICE BY MAIL**

43 of 136
Order#: LA572446/mailproof

# EXHIBIT 7

POS-010

*This electronic document is the official court record (GC68150).*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Michael J. Gomez, Esq | SBN: 251571<br>FRANDZEL ROBINS BLOOM & CSATO<br>1000 Wilshire Boulevard, 19th Floor   Los Angeles, CA 90017<br><br>TELEPHONE NO.: (323) 852-1000 | FAX NO. | E-MAIL ADDRESS mgomez@frandzel.com<br>ATTORNEY FOR *(Name):* Plaintiff | Electronically Filed<br>October 28, 2024<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SUTTER<br>CLERK OF THE COURT<br>By: Brenda Johnson, Deputy |

| **Sutter County Superior Court** |
|---|
| STREET ADDRESS: 1175 Civic Center Blvd |
| CITY AND ZIP CODE: Yuba City, CA 95993 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: TECH AG FINANCIAL GROUP, INC., a California corporation<br>DEFENDANT/RESPONDENT: CAPITAL FARMS, INC., a California corporation, et al. | CASE NUMBER:<br>CVCS24-0002314 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>101528-0005 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☑ Summons
    b. ☐ Complaint
    c. ☐ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet
    e. ☐ Cross-Complaint
    f. ☑ other *(specify documents):* **VERIFIED COMPLAINT;**

3. a. Party served *(specify name of party as shown on documents served):*
    **CAPITAL FARMS, INC., a California corporation**

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **PAUL BRAR - AUTHORIZED AGENT**
       **Age: 50's | Weight: 175 | Hair: Black | Sex: Male | Height: 5'10 | Eyes: Brown | Race: Pujabi**

4. Address where the party was served:    **5550 W Spruce Ave Unit 107**
                                  **Fresno, CA 93722**

5. I served the party (check proper box)

    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/14/2024**     (2) at *(time):* **9:31 AM**

    b. ☐ **by substituted service.** On *(date):*   at   *(time):*   I left the documents listed in item 2 with or
       in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*   from *(city):*       **or** ☐ a declaration of mailing is attached.

       (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LA572439** |
|---|---|---|

This electronic document is the official court record (GC68150)

| PETITIONER: TECH AG FINANCIAL GROUP, INC., a California corporation | CASE NUMBER: |
|---|---|
| RESPONDENT: CAPITAL FARMS, INC., a California corporation, et al. | CVCS24-0002314 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of **CAPITAL FARMS, INC., a California corporation**
   under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                           ☐ other:

7. **Person who served papers**
a. Name: **BRIAN L. TURNER - Nationwide Legal, LLC REG: 12-234648**
b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**
c. Telephone number: **(213) 249-9999**
d. **The fee** for service was: **$ 167.50**
e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
     (i) ☐ owner   ☐ employee   ☑ independent contractor.
     (ii) Registration No.: **S201710000040**
     (iii) County: **Fresno**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **10/14/2024**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

**BRIAN L. TURNER**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶     *(SIGNATURE)*

# EXHIBIT 8

William L. Cowin, Esq. (Bar #065532)
**Law Offices of William L. Cowin, APC**
2344 Tulare Street, Suite 300
Fresno, California 93721
Telephone: (559) 445-1234
Facsimile: (559) 445-0703

*Attorney for:* CAPITAL FARMS, INC. & GURMEJ SINGH GILL

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SUTTER

| | |
|---|---|
| TECH AG FINANCIAL GROUP, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL FARMS, INC., a California corporation; GURMEJ SINGH GILL, an individual; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. CVCS24-0002314<br><br>VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES |

COMES NOW, Defendants CAPITAL FARMS, INC., a California corporation ("CAPITAL") and GURMEJ SINGH GILL ("GILL") and jointly answer the Verified Complaint of TECH AG FINANCIAL GROUP, INC. ("TECH") as follows:

**ANSWER**

PARA 1: INSUFFICIENT INFORMATION. The answering Defendants lack sufficient information to either admit or deny and therefore DENY on that basis.

PARA 2: ADMIT

PARA 3: ADMIT

PARA 4: N/A

PARA 5: ADMIT

PARA 6: ADMIT

PARA 7: ADMIT IN PART; DENY IN PART. ADMIT that the loan was approved and Exhibit 2 issued; ADMIT that the Loan Commitment was tied to the terms of the Master Note; ADMIT that the Loan Commitment indicates a Maturity Date of February 1, 2024; DENY that the Loan Commitment indicates the loan amount is $350,000; DENY in all other respects.

PARA 8: ADMIT IN PART; DENY IN PART. ADMIT that the Loan Commitment says what is says, including February 1, 2024 initial Maturity Date; DENY that the loan was due on February 1, 2024 and in all other respects.

PARA 9A: ADMIT IN PART; DENY IN PART; Admit that the Note and Loan Commitment say what they say; DENY that either document indicates the outstanding amount is $350,000.

PARA 9B: ADMIT IN PART; DENY IN PART. ADMIT that the Note and Loan Commitments say what they say; DENY the legality of the agreement.

PARA 10: ADMIT

PARA 11: ADMIT

PARA 12: DENY

PARA 13: ADMIT

PARA 14: ADMIT

PARA 15: DENY

PARA 16: DENY

PARA 17: N/A

PARA 18: DENY

PARA 19: ADMIT

PARA 20: DENY

PARA 21: N/A

PARA 22: DENY

PARA 23: ADMIT

PARA 24: INSUFFICIENT INFORMATION. The answering defendants are not in possession of sufficient information to either admit or deny this (lengthy) allegation and DENY on that basis.

PARA 25: N/A

PARA 26: DENY

PARA 27: DENY

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each and every cause of action purported to be stated and set forth therein, fails to allege facts sufficient to constitute a cause of action or claim against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Uncertainty)

The Complaint, and each and every cause of action purported to be stated and set forth therein, is uncertain as to the matters stated in the complaint, including the amount claimed to be due, if any.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendant alleges that Plaintiff failed to take necessary and reasonable steps, or failed to otherwise undertake reasonable efforts, to mitigate the Defendant's conduct and technical rule violations the Plaintiff now complains of. Such failure to mitigate has served to cause and/or exacerbate Plaintiff's damages, if any.

/ / /

Answer to Verified Complaint     - Page 3

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is estopped, based on the doctrine of unclean hands, from asserting any cause of action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability Among defendants)

In the event plaintiff recovers a judgment against defendant, request is made that any such liability be apportioned under equitable principles with that of any other defendant similarly held responsible to plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Conditions)

Plaintiff failed to adequately perform its job and follow the rules concurrently required of him and, accordingly, Defendant's conduct is excused.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff failed to perform as Plaintiff represented that it would perform under the agreement; therefore, there has been a failure of consideration barring recovery by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint and the claims stated therein are each barred by the Doctrine of Estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's Complaint and the causes of action stated therein are each barred on the grounds that by the Plaintiff's conduct the Plaintiff consented to the acts and/or conditions and/or technical rule violations alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which Plaintiff's Complaint is based. Plaintiff expressly accepted those circumstances and, thereby, ratified the conduct of which Plaintiff now complains.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff, by its own conduct, has waived any right it otherwise may have had to relief based upon the Complaint or any claim stated therein.

## TWELVTH AFFIRMATIVE DEFENSE

### (Violation of Usury Laws)

Plaintiff's Complaint violates the usury laws; therefore, Defendant is not entitled to the relief requested.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Covenant of Good Faith and Fair Dealing)

Plaintiff, by his acts, conduct, and/or omissions has breached the implied covenant of good faith and fair dealing with respect to all agreements made by plaintiff or on plaintiff's behalf.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Due Care)

Defendants allege that plaintiff's complaint is barred, in whole or in part, in that plaintiff failed to exercise the quality and quantity of care and caution which a reasonable individual in similar circumstances would have exercised; said failure and negligence of plaintiff proximately caused and contributed to the alleged loss and recover, if any, of plaintiff is thereby diminished or barred.

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accounting)

Defendant believes that the amount which is due, if any, concerning this account has been overstated and demand an accounting.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exclusive Control)

Defendants allege that the conduct and acts Plaintiff complains of were caused by factors within the Plaintiff's exclusive control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Changed Circumstances)

Defendant alleges that Plaintiff's claims are barred by the equitable doctrine of changed circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Complaint Conclusory)

Defendant alleges that Plaintiff has stated its complaint in conclusory terms and therefore, defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, defendant reserves the right to add additional affirmative defenses, if and to the extent such affirmative defenses are applicable in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Right of Offset)

Defendant alleges that the plaintiff's conduct and negligence in the exercise of plaintiff's duties under the parties' agreements has resulted in the defendant suffering more damages and losses than the plaintiff is demanding.

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE

### (Modification of Contract)

The contract described in the complaint was either abandoned or, alternatively, has been the subject of oral modifications agreed to by Plaintiff and Defendants, following which these Defendants have performed to the extent not prevented from doing so by Plaintiff.

## LAST AFFIRMATIVE DEFENSE

### (Request for Right to Amend)

At the present time, Defendant is unaware of any other facts or circumstances which may give rise to or support any other defenses, either under the alleged agreements with Plaintiff or otherwise, including the failure of Plaintiff to comply with contractual conditions precedent; however, as discovery progresses in this matter, and as additional facts eventually come to light which may support any such defense, then, and in that event, defendants herein would request the court to permit defendants to amend this Answer to the complaint to set forth any such affirmative defenses.

WHEREFORE, Defendant prays relief as follows:

1.     That Plaintiff take nothing by reason of Plaintiff's Complaint;

2.     That Defendant be awarded reasonable attorney's fees and costs of suit herein incurred;

3.     For such other and further relief as this Court deems just and proper

Dated: December 1, 2024 `          LAW OFFICES OF WILLIAM L. COWIN,  APC


_____
WILLIAM L. COWIN,
Attorney for CAPITAL FARMS & GILL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, GURMEJ SINGH GILL, am the President of CAPITAL FARMS, INC. Both Capital Farms, Inc. and myself, individually, are defendants in the above-referenced matter. I have read the foregoing VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 27, 2024 at Sacramento, California.

Gurmej Singh Gill

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES          PAGE 4

PROOF OF SERVICE

I am employed in the County of Fresno, California. I am over the age of eighteen years and not a party to the within action. My business address is 2344 Tulare Street, Suite 300, Fresno, California 93721.

On December 1, 2024 I served the within

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

on the following parties in this action, by placing a true copy addressed as follows:

Michael J. Gomez
Frandzel, Robins Bloom & Csato, .C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Ph: (323) 952-1000
Fax: (323) 651-2577
e-mail: mgomez@frandzel.com
         dmoore@frandzel.com

_____(BY FACSIMILE) I cause a copy of the above pleading to be sent by facsimile machine to the above listed numbers

(BY OVERNIGHT MAIL) I caused each envelope with postage fully prepaid, to be sent by ONTRAC OVERNIGHT.

(BY MAIL) I caused each envelope, with postage fully prepaid, to be placed in the United States mail at Fresno, California.

XXX (BY ELECTRONIC TRANSMISSION) I caused a copy of each pleading to be sent by electronic transmission to the above e-mail addresses pursuant to agreement of counsel.

(BY HAND) I caused each envelope to be delivered by hand to the offices listed above.

I am readily familiar with the office's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence is deposited with the United States Postal Service on the same day with postage thereon fully prepaid and in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Fresno, California, on December 1, 2024.

_____
Ann M. Cowin

# EXHIBIT 9

1　William L. Cowin, Esq. (Bar #065532)
　　**Law Offices of William L. Cowin, APC**
2　2344 Tulare Street, Suite 300
　　Fresno, California 93721
3　Telephone: (559) 445-1234
　　Facsimile: (559) 445-0703
4
　　　*Attorney for:* CAPITAL FARMS, INC. & GURMEJ SINGH GILL
5

6
　　　　　　THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
　　　　　　　　IN AND FOR THE COUNTY OF SUTTER
8

9　TECH AG FINANCIAL GROUP, INC., a　　│　Case No. CVCS24-0002314
　　California corporation,
10　　　　　　　　　　　　　　　　　　│　CROSS-COMPLAINT FOR
　　　　　　　　　　　　　　　　　　　│　(1) BREACH OF CONTRACT;
11　　　　　　Cross-Complainants,　　　│　(2) NEGLIGENCE;
　　v.　　　　　　　　　　　　　　　　│　(3) UNFAIR BUSINESS PRACTICES;
12　　　　　　　　　　　　　　　　　　│　(4) VIOLATION OF TRUTH IN LENDING
　　CAPITAL FARMS, INC., a California　│　　　ACT (TILA);
13　corporation; GURMEJ SINGH GILL, an│　(5) FRAUD;
　　individual; and DOES 1-50 inclusive,│　(6) ACCOUNTING
14　　　　　　　　　　　　　　　　　　│　(7) INJUNCTIVE RELIEF
　　　　　　Cross-Defendants.
15

16　CAPITAL FARMS, INC., a California
　　corporation; GURMEJ SINGH GILL, an
17　individual,
18　　　　　　Cross-Complainants,
19　v.
20　TECH AG FINANCIAL GROUP, INC., a
　　California corporation; BUTTONWILLOW
21　WAREHOUSE COMPANY, a California
　　corporation; and ROES 1-50, inclusive,
22
　　　　　　Cross-Cross-Defendants.
23

24

25　　　　　　　　　　*(Text begins on next page...)*

　　　　　　　　　CROSS-COMPLAINT　　- Page 1

## JURISDICTIONAL ALLEGATIONS

1.     Cross-Complainants GURMEJ SINGH GILL ("GILL"), an individual, is, and at all times herein mentioned was, a resident of the County of Sutter, State of California.

2.     Cross-Complainants CAPITAL FARMS, INC., a California corporation ("CAPITAL") is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California with its principal place of business in the County of Sutter, State of California.

3.     GILL is the majority shareholder of CAPITAL.

4.     CAPITAL farms 852 acres of almonds in Placer and Sutter counties.

5.     Cross-Defendant TECH AG FINANCIAL GROUP, INC., a California corporation ("TECH") is, and Cross-Complainants are informed and believe and thereon allege that, at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California with its principal place of business in the County of Kern, State of California.

6.     Cross-Defendant BUTTONWILLOW WAREHOUSE COMPANY, a California corporation ("BUTTONWILLOW") is, and Cross-Complainants are informed and believe and thereon allege that, at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California with its principal place of business in the County of Tulare, State of California.

7.     The true names and capacities, whether individual, corporate, associate, or otherwise of ROES 1 through 50, inclusive, are unknown to Cross-Complainants who therefore sues said Cross-Defendants by such fictitious names. Cross-Complainants are informed and believe and thereon allege that each of said fictitiously named Cross-Defendants are, in some manner, responsible for the events and happenings referred to herein, either contractually or tortiously, and caused damages to Cross-Complainants as herein alleged. When Cross-

1    Complainants ascertain the true names and capacities of the Cross-Defendants sued by fictitious

2    names herein, they will ask leave of this Court to amend his complaint by setting forth the same.

3        8.        Cross-Complainants are informed and believe and thereon allege that, at all times

4    herein mentioned, Cross-Defendants ROES 1 through 50, inclusive, were the agents, servants,

5    and employees of their co-Cross-Defendants, and in doing the things herein alleged, were acting

6    in the scope of their authority as such agents, servants, and employees, and with the permission

7    and consent of their co-Cross-Defendants.

8

9                        **GENERAL FACTUAL ALLEGATIONS**

10       9.        At all relevant times herein, BUTTONWILLOW supplied the fertilizer and

11   chemicals for the Ranch, as well as providing the PCA to inspect the crops and make

12   recommendations accordingly as a part of their contracted services.

13       10.       TECH is an "in-house" finance company for BUTTONWILLOW providing

14   financing to farmers such as CAPITAL to purchase chemicals for the crop year and to be paid

15   from the proceeds from crop sales after harvest.

16       11.       In or about October 2022, CAPITAL obtained a loan for up to $350,000.00

17   (Three Hundred Fifty Thousand Dollars) from CAPITAL for the purpose of purchasing farm

18   chemicals from BUTTONWILLOW in accordance with the recommendation of

19   BUTTONWILLOW's PCA for the 2023 crop year.

20       12.       The loan provided for a variable interest rate of 10.25% adjusted monthly to 4%

21   above the Wall Street Journal Prime Rate calculated on either a 360-day or 365-day year at

22   TECH's discretion, and a default interest rate of an additional 6% above the variable rate.

23       13.       TECH required that GILL also sign, creating an alleged personal guarantee on the

24   loan.

25

CROSS-COMPLAINT        - Page 3

14.     At a critical time during most of crop year 2023, BUTTONWILLOW's PCA was in a bad accident and was incapacitated and unable to provide the necessary PCA services.

15.     As a result of not being provided the requested PCA services from BUTTONWILLOW, Shawn Gill, as an agent for CAPITAL, called BUTTONWILLOW on numerous occasions, requesting that another PCA be sent to check the fields; however, BUTTONWILLOW failed and refused to do so.

16.     Because pesticides, fungicides, fertilizer, and other farm chemicals were not timely applied to CAPITAL's Ranch, the Ranch's crop yield was significantly diminished, resulting, in a loss of income in a sum according to proof at trial.

17.     CAPITAL made all necessary efforts to mitigate damages, including obtaining another PCA; however, the damages to the crop had already become irreversible. In particular, CAPITAL's almond orchard was damaged due to worm infestation resulting in poor nut quality and to poor blossom set that affected the size of the almonds and diminished the crop.

18.     Servicing of the financing from TECH was dependent on harvest from the crop year.

19.     Due to the damage to the crop due to BUTTONWILLOW's negligence, Shawn Gill, as an agent for CAPITAL, met with TECH in or about March 2024 ("March Meeting"). Several representatives of both TECH and BUTTONWILLOW were at the meeting, including Christian Deaton, Vice President of TECH and Steve Houchin, a shareholder and an officer of BUTTONWILLOW who made the representations herein asserted on behalf of TECH and BUTTONWILLOW.

20.     Shawn Gill acted as an authorized farm manager for several farming entities owned by different members of the GILL family that were entirely separately owned and operated, including United Farms, LLC.

21.     At the March 2024 meeting, Shawn Gill (acting as authorized farm manager for both United Farms, LLC and CAPITAL) was told that, if United Farms, LLC acted cooperatively with CAPITAL and United Farms LLC would pay in full the $222,229.74 loan from TECH to United Farms, TECH would give CAPITAL an extension of the time to pay financing through TECH and would not proceed with any collection activity until CAPITAL received proceeds from harvest (i.e., anticipated between November and December 2024).

22.     In March 2024, in reliance on the representations of Cross-Defendants, Shawn Gill as managing member of United Farms LLC caused the United Farms $222,229.74 loan to be paid in full to TECH. But for the representations made by TECH, United Farms LLC would not have had to pay this money to TECH until after harvest and would have had the use of its money for other purposes.

23.     CAPITAL was a third-party beneficiary of the agreement between TECH and United Farms LLC.

24.     Without regard to the representations made at the March Meeting or the extension of time granted during that meeting, on or about August 28, 2024, TECH sent Notice of Default letters to Cross-Complainants, and each of them, and in September 2024 filed the complaint in the above-captioned case.

25.     CAPITAL would not have paid off the United loan if Cross-Defendants had known that TECH would proceed with collection in August 2024.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Against BUTTONWILLOW)

26.     Cross-Complainants incorporate the JURISDICTIONAL ALLEGATIONS and FACTUAL ALLEGATIONS sections as if fully set forth herein.

27.     For Crop year 2023, BUTTONWILLOW entered into contracts to provide farm chemicals to CAPITAL and, as an integral part of the agreement to purchase all farm chemicals from BUTTONWILLOW, to provide crop consulting advisory services of a PCA.

28.     The contract between BUTTONWILLOW and CAPITAL included the PCA services customarily provided by chemical companies in the farming industry.

29.     In furtherance, of the requirements contract for farm chemicals, BUTTONWILLOW provided for financing through its affiliate TECH AG with the anticipation that TECH would be repaid through proceeds from the sale of CAPITAL's crops that BUTTONWILLOW was overseeing and advising CAPITAL as to chemicals, including but not limited to fertilizers, fungicides, and pesticides.

30.     Because of the unique relationship between the affiliated companies BUTTONWILLOW and TECH, as clearly evidenced by each of their representatives taking part in the meeting with Shawn Gill, each knew or should have known that the acts and omissions of BUTTONWILLOW would materially affect CAPITAL's ability to timely pay TECH.

31.     At the March Meeting, the parties modified the contract between CAPITAL and TECH to provide that the date the loan was due was extended to November 1, 2024.

32.     Cross-Complainants have performed all conditions, covenants, and promises required to be performed by Cross-Complainants in accordance with the terms and conditions of the contract, including application of all chemicals recommended by BUTTONWILLOW's PCA.

33.     At a critical time during the 2023 crop year, BUTTONWILLOW breached the contract by failing to provide PCA services and, therefore, failing to timely provide checmicals necessary to produce a profitable harvest.

34. As a result of BUTTONWILLOW's breach of the contract, CAPITAL's crop was diminished substantially, resulting in damages in a sum according to proof at trial but anticipated to exceed $1,200,000.00 (One Million, Two Hundred Thousand Dollars).

WHEREFORE, Cross-Complainants pray relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligence – Against BUTTONWILLOW)

35. Cross-Complainants incorporate all previous paragraphs by reference as if fully set forth herein.

36. At all relevant times, BUTTONWILLOW owed a duty of care relating to the chemical recommendations it undertook to provide to CAPITAL, including a duty to advise CAPITAL if it was no longer able to provide the services. Further, CAPITAL placed special trust and confidence in BUTTONWILLOW to timely provide correct chemical recommendations and then timely deliver the chemicals to ensure a good crop.

37. BUTTONWILLOW owned, maintained, operated, and controlled the chemical supply business on which CAPITAL relied for PCA services so that the failure to inspect the fields and timely provide chemical recommendations and/or otherwise provide PCA services and then failure to timely deliver the chemicals proximately caused significant damages to CAPITAL's 2023 crop.

38. Further, BUTTONWILLOW's failure to provide the agreed-on and expected PCA services resulted in the inability to timely pay TECH causing significance damages according to proof to both CAPITAL and to GILL due to his alleged personal guarantee.

39. Further, as to GILL, BUTTONWILLOW's negligence has caused significant anxiety and emotional distress to GILL by placing him in a position of financial uncertainty and stress so as to cause additional damages for emotional distress according to proof.

WHEREFORE, Cross-Complainants prays judgment against BUTTONWILLOW as hereinafter set forth.

### THIRD CAUSE OF ACTION

#### (Unfair Business Practices – Against TECH)

40.     Cross-Complainants incorporate all JURISDICTIONAL and GENERAL FACTUAL allegations as if fully set forth herein.

41.     Under California Business and Professions Code section 17500, it is unlawful for any person, firm, corporation, or association to make or disseminate any statement concerning real or personal property or services that is untrue or misleading.

42.     Because the loan from TECH to CAPITAL states that TECH has the discretion to choose between a 360-day year or a 365-day year for purposes of calculating interest, it violates California Fair Business Practices because it misleads the borrower as to the actual amount of interest to be charged.

WHEREFORE, Cross-Complainants pray relief against TECH as hereinafter set forth.

### FOURTH CAUSE OF ACTION

#### (Violation of Truth In Lending Laws – Against TECH)

43.     Cross-Complainants incorporate all JURISDICTIONAL and GENERAL FACTUAL allegations as if fully set forth herein.

44.     The federal Truth in Lending Act (TILA) requires clear and accurate disclosure of terms and costs of credit to consumers.

45.     Because the loan from TECH to CAPITAL states that TECH has the discretion to choose between a 360-day year or a 365-day year for purposes of calculating interest, it violates

California Fair Business Practices because it misleads the borrower as to the actual amount of interest to be charged.

46.     Calculating interest on a 360-day year basis can result in a higher effective annual interest rate than the stated rate, potentially violating TILA's requirement for accurate disclosure of the annual percentage rate (APR)

WHEREFORE, Cross-Complainants pray relief against TECH as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Fraud & Deceit Against TECH)

47.     Cross-Complainants incorporate by reference the JURISDICTIONAL and GENERAL FACTUAL ALLEGATION sections by reference.

48.     Cross-Complainants is informed and believes and thereon alleged that, at all times mentioned herein, each of the Cross-Defendants was the agent and affiliate of the other Cross-Defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and with the permission and consent of its co-Cross-Defendants.

49.     Cross-Complainants are informed and believe and thereon allege, that the representatives of both TECH and BUTTONWILLOW were at the meeting, including Christian Deaton, Vice President of TECH and Steve Houchin, an officer (Secretary) of BUTTONWILLOW, who made the representations herein alleged, are and were at the time of the making of the representations herein alleged and at all times herein mentioned were acting within the course and scope of their employment and authority for Cross-Defendant entities.

50.     The representations made by Cross-Defendants that TECH would extend the terms of the loan until after CAPITAL received proceeds from harvest were in fact false.  The true facts were that TECH wanted to induce payment from United Farms LLC to achieve the sooner use of those funds than what it could otherwise expect.